**Nancy TAGGART, Plaintiff,**

v.

**RICHARDS MEDICAL COMPANY, INC., a/k/a Richards Manufacturing Company, Inc., Defendants.**

**Civ. A. No. 85–K–1580.**

United States District Court, D. Colorado.

Jan. 25, 1988.

Richard W. Hanes, Holland & Hart, Colorado Springs, Colo., for plaintiff.

Hugh G. Bingham, Pryor, Carney & Johnson, Englewood, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Judgment was entered for plaintiff and against defendant in the amount of $50,000, plus interest, in this diversity-based products liability action, on December 15, 1987. Entry of judgment followed a five day jury trial. Judgment was amended on December 22 in respects not material to the instant motions.

The matter comes before me on defendant's motion for judgment notwithstanding the verdict or in the alternative for a new trial. Four grounds are submitted.

Three of the grounds proposed are a mere rehash of arguments already addressed to me at the trial. These are the claims that Dr. Ray Hauser's testimony amounted to no more than speculation on

his behalf as to matters outside his particular area of plastics expertise, and accordingly should have been disallowed or disregarded, the argument that the court improperly dismissed defendant's defense of comparative fault and the contention that the court should have excluded certain slides from the evidence presented to the jury by plaintiff. With regard to each of these matters, defendant has adduced no basis for a review of my initial rulings and accordingly each of these grounds fails.

Defendant's arguments regarding the issue of design defect, however, merit closer attention.

Plaintiff's complaint was filed on June 17, 1985. The stipulated pretrial order was filed on November 10, 1986. In July, 1986 the Colorado Supreme Court handed down its decision in *Ortho Pharmaceutical Corporation v. Heath*, 722 P.2d 410 (Colo. 1986). Here, the criteria for determining liability in the case of an unreasonably dangerous product outlined in § 402 of the Restatement was introduced into Colorado law. No mention of this test was made in the stipulated pre-trial order. No effort was made to amend the pretrial order so as to include the possibility of defendant relying upon this test. In fact the first the court heard of defendants reliance upon the case was when it was cited in defendants status report filed November 13. Even then, the specific aspect of the case *viz* the unreasonably dangerous product test, in opposition to the unavoidably dangerous product rule contained in comment k of section 402A of the Restatement, upon which it was intended to rely was not outlined. No effort was made to amend the pretrial order. Defendant filed with the court a jury instruction regarding the test. I found this to be an affirmative defense. I refused to allow amendment of the pretrial order to enable it be pled.

Defendant now maintains this is not an affirmative defense, or alternatively if it is, I should have allowed amendment of the pretrial order to enable it be pled.

'A pretrial order ... is the result of a process in which counsel define the issues of fact and law to be decided at trial, and it binds counsel to that definition.', *R.L. Clark Drilling v. Schramm*, no. 86–1102, Slip Op. 12/29/87 (10th Cir.) at p. 6 [835 F.2d 1306, 1308]. To allow defendant in this case to have amended the order so as to introduce an entirely new defense would have amounted to a complete undermining of the motivating force behind the very facility of the pretrial order, inconveniencing as it would have the court and putting the plaintiff in the position of on short notice having to prepare for a completely new defense. If this was, as defendant now maintains 'the major conceptual background to the case' (brief of December 30 at p. 6) its failure to detail such in the pretrial order is little short of incomprehensible.

Defendant's argument must stand or fall on its contention that this is not in fact an affirmative defense, and accordingly was exempt from the requirements of Rule 16.

I first observe that the question of whether the risk-benefit analysis test is an affirmative defense is a close one upon which there is a considerable divergence of authority, and as such defendant's somewhat cavalier determination not to outline it at the pre-trial stage has little to recommend itself. One strand of authority imposes an initial burden upon the plaintiff to adduce evidence which could permit a jury to infer plaintiff's injuries are attributable to a design defect in the product. Once this *prima facie* burden has been discharged, a burden falls on the defendant to establish the benefits of such design outweigh the risk of danger posed by the particular design. This was the approach adopted by the Californian courts in *Barker v. Lull Eng. Co.*, 20 Cal.3d 413, 143 Cal.Rptr. 225, 573 P.2d 443 (1978). Other courts have not, however, shifted the burden to the manufacturer at all, *Brady v. Melody Homes*, 121 Ariz. 253, 589 P.2d 896 (1979).

Having had the opportunity to consider this matter more carefully, I am of the view my initial impression that the risk-benefit test is an affirmative defense which must be specifically pled was correct. I have three reasons.

First, I rely upon the fact the Colorado Supreme Court specifically asserted in the course of its opinion in *Ortho Pharmaceutical* that it was adopting the test as set forth in *Barker*, 722 P.2d at 414. It did not assert it was adopting the *approach* of the Californian Supreme Court but eschewing the mechanics advocated in the case. It simply maintained it was adopting the 'test as set forth in *Barker*'. This test was stated to be,

> the plaintiff proves that the product's design proximately caused injury and the defendant fails to prove, in the light of the relevant factors, that on balance the benefits of the challenged design outweigh the risk of danger inherent in such design.
>
> 722 P.2d at 413.

This in my view strongly indicates the attitude adopted to issues of proof in that decision should also be incorporated into Colorado law.

Second, the test as articulated by the Supreme Court in *Ortho Pharmaceutical* repeats this formulation,

> If ... a plaintiff proves causation, the manufacturer is required to establish that the product's benefits outweigh its inherent risks.
>
> 722 P.2d at 413.

Third, it is my view that this is the proper interpretation of the test. As one commentator has pointed out,

> the manufacturer is in the unique position of being better able to introduce evidence and provide information necessary to balance risks and benefits ... the plaintiff should not have the burden of proving that the risk of injury outweighs the product's utility or benefit when the manufacturer has exclusive possession of information and knowledge necessary to establish the utility and benefits of the product to the public and the known risks of danger inherent in the product's design.
>
> William A. Trine, Products liability; Unreasonably dangerous versus risk-benefit analysis, 36 Trial Talk 348, 355.

Accordingly, this ground must also fail. Defendant's motion is denied.

It is thus ORDERED defendant's motion for judgment notwithstanding verdict, or for a new trial is DENIED.